DANNIE YOUNG, BY HIS GUARDIAN AD LITEM, JAMES W. YOUNG v. L. J.
WOOD

No. 7911SC425

(Filed 18 December 1979)

**Trial § 12— right of party to appear pro se**
    Defendant who elected to represent himself could not complain on appeal
that the trial court erred in allowing him to elect to go to trial without the
assistance of counsel.

APPEAL by defendant from *Preston, Judge.* Judgment
entered 15 January 1979 in Superior Court, JOHNSTON County.
Heard in the Court of Appeals 6 December 1979.

This is an action to recover for injuries sustained by the
minor plaintiff. It is alleged in the complaint that defendant's
agent negligently backed a tractor over the minor plaintiff caus-
ing a severe and permanent mangling injury to his right lower leg
with comminuted fractures of the tibia and fibula together with
extensive soft tissue loss.

The case was tried by the judge without a jury, and judg-
ment was entered awarding damages of $25,000.00.

*Bryan, Jones and Johnson, by Robert C. Bryan, for plaintiff
appellee.*

*Mast, Tew, Nall, Moore and Lucas, by George B. Mast and
Robert V. Lucas, for defendant appellant.*

VAUGHN, Judge.

This is an appeal from the fourth trial of this lawsuit. After
the case was first called for trial, a mistrial was declared because
of a death in the family of plaintiff's counsel. The second trial end-
ed in a mistrial because the jury could not agree. Defendant failed
to pay his counsel and an order was entered allowing counsel to

withdraw. Defendant retained different counsel for the third trial which also ended in a mistrial because the jury could not agree. Again, an order was entered allowing counsel to withdraw because of defendant's failure to make the appropriate financial arrangements.

When the case was called for trial before Judge Preston, defendant appeared for trial without counsel. He advised the judge that he was ready for trial and advised the court that he did "agree to waive a jury trial in this matter and that the same be tried by the court without a jury, and that the court pass on all issues of fact and law which might arise at the trial, and to enter a verdict and judgment thereon."

After judgment was rendered against him, plaintiff retained present counsel (his third since suit was filed) to perfect this appeal. Despite the able efforts of counsel on appeal, no prejudicial error has been shown. There were no exceptions taken at trial. Defendant's arguments directed to the admission of evidence, among others, cannot be considered on appeal. No exceptions have been taken to any of the court's findings of fact except the finding of fact, "K", with respect to the nature of the minor plaintiff's injuries. There is ample support in the record for that finding of fact. The court's findings and conclusions support the judgment.

In defendant's eleventh assignment of error, he argues, in substance, that the court erred in allowing him to elect to go to trial without the assistance of counsel. The argument is without merit. The court could not force defendant to retain counsel. Defendant's procrastination in that and other respects had already delayed the trial to the possible prejudice of the minor plaintiff. Even in a criminal case, a defendant who elects to represent himself cannot, thereafter, complain of the quality of his own defense or be excused from his failure to comply with the relevant rules of procedural and substantive law. *See, e.g., Faretta v. California*, 422 U.S. 806, 45 L.Ed. 2d 562, 95 S.Ct. 2525 (1975).

The appeal fails to disclose prejudicial errors of law. The judgment is affirmed.

Affirmed.

Judges WEBB and MARTIN (Harry C.) concur.